# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RICKY WILHELM, | § § § § | |
| *Plaintiff,* | | |
| vs. | § § | Civil Action _____ |
| AVIS BUDGET GROUP, INC., | § § | |
| AVIS BUDGET CAR RENTAL, LLC, | § | **JURY DEMANDED** |
| and GCA SERVICES GROUP, INC., | § § § | |
| *Defendants.* | | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff Ricky Wilhelm presents his Complaint for violations of the Family and Medical Leave Act (FMLA) 29 U.S.C. § 2601, *et seq.*, and 29 C.F.R. § 825.100, *et seq.*, against Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and GCA Services Group, Inc.

### PARTIES

1. Mr. Wilhelm is a citizen of the United States, residing in Irving, Texas.

2. Defendant Avis Budget Group, Inc. is a foreign corporation with its principal place of business in New Jersey. Avis Budget Group, Inc. does not have a registered agent listed with the Secretary of State of Texas. Accordingly, Avis Budget Group, Inc. may be served by serving the Secretary of State of Texas by certified mail, return receipt requested at P.O. Box 12079 Austin, TX 78711-2079,

who may then serve Avis Budget Group, Inc. by certified mail at its principal place of business at 6 Sylvan Way, Parsippany, NJ 07054.

3. Defendant Avis Budget Car Rental, LLC is a foreign corporation with its principal place of business in Dallas County, Texas. Avis Budget Car Rental, LLC may be served with process by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at its registered address, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218. Defendants Avis Budget Group, Inc. and Avis Budget Car Rental, LLC are collectively referred to herein as "Avis."

4. Defendant GCA Services Group, Inc. (GCA) is a foreign corporation with its principal place of business in Dallas County, Texas. GCA may be served with process by serving its registered agent National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This is a suit authorized and instituted pursuant to the Family and Medical Leave Act (FMLA) 29 U.S.C. § 2601, *et seq.*, and 29 C.F.R. § 825.100, *et seq.*, and seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## BACKGROUND

6. This is a wrongful termination case.

7. Avis and GCA retaliated against an employee for having a FMLA claim after being injured on the job.

8. Retaliation for an on-the-job injury is foreseeable in the workplace.

9. Corporations must make good faith efforts to prevent foreseeable retaliation.

10. Corporations must supervise managers in preventing violations of employment laws.

11. Corporations must not retaliate against employees in violation of the law.

12. Corporations must not cover up violations of the law.

13. Avis and GCA failed to make good faith efforts to prevent foreseeable unlawful retaliation.

14. Avis and GCA have a pattern and practice of retaliating against employees who have an on-the-job injury.

15. Avis and GCA retaliated against Mr. Wilhelm when he received his on-the-job injury.

16. Avis and GCA chose to violate the retaliation laws by terminating Mr. Wilhelm who was doing a good job.

17. Avis and GCA provided no reason for Mr. Wilhelm's termination.

18. GCA employed Mr. Wilhelm from January 2017 to September 15, 2019.

19. GCA entered into a contract with Avis to provide drivers to shuttle cars for Avis to and from its parking lots.

20. GCA assigned Mr. Wilhelm to Avis as part of its contract.

21. Avis was an employer of Mr. Wilhelm under the common law definition of an employer.

22. Avis had the right to control and direct the work of Mr. Wilhelm, not only as to the result to be achieved, but also as to the details by which that result is achieved.

23. Defendants are two or more businesses that exercise some control over the work or working conditions of Mr. Wilhelm.

24. Defendants are joint employers under the FMLA.

25. Under the FMLA, joint employers may be separate and distinct entities with separate owners, managers, and facilities.

26. Mr. Wilhelm performed work which simultaneously benefited each Defendant and worked for each Defendant during the workweek.

27. There is an arrangement between Defendants to share Mr. Wilhelm's services or to interchange employees, such as Mr. Wilhelm.

28. Each Defendant acted directly or indirectly in the interest of the other employer in relation to the employee.

29. Defendants are not completely disassociated with respect to Mr. Wilhelm's employment and may be deemed to share control of Mr. Wilhelm, directly

or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

30. Each of the Defendants had authority/responsibility to hire and fire, assign/place Mr. Wilhelm, make payroll, and provide his employment benefits.

31. Avis instructed GCA daily as to the details of each day's work at its locations.

32. The kind of occupation, driving cars from lot to lot, is usually done under the direction of the rental car company.

33. GCA does not make the decision as to where the cars are going to be located each day.

34. GCA receives all of its instructions from Avis.

35. The skill required for a daily driver is not specialized or project related.

36. In the case of Avis, it is a daily routine job, not a one time or intermittent contractual obligation.

37. Avis furnished the equipment used and the place of work.

38. Mr. Wilhelm worked for Avis continuously for almost two years.

39. Although GCA paid Mr. Wilhelm, the money came directly from Avis.

40. Both Avis and GCA terminated Mr. Wilhelm without notice or explanation.

41. The work by drivers such as Mr. Wilhelm was an integral part of the business of Avis.

42. Avis intended to have ultimate control over each day's work.

43. Accordingly, both Avis and GCA were jointly employers of Mr. Wilhelm.

44. Avis and GCA transported its workers on a shuttle bus when the Avis shuttle bus driver ran a red light and crashed into two other vehicles on September 6, 2019.

45. Avis and GCA were informed by Mr. Wilhelm that he injured his shoulders, neck, and back.

46. Avis and GCA were informed by Mr. Wilhelm that his doctor recommended shoulder surgery.

47. Avis and GCA were informed that Mr. Wilhelm could return to work with a full doctor's release until his surgery.

48. On September 16, 2019, Avis and GCA refused to allow Mr. Wilhelm to return to work with a full medical release from his doctor.

49. Avis and GCA informed Mr. Wilhelm on September 16, 2020, that he was terminated on September 15, 2019, without reason.

50. The FMLA protects jobs from being terminated by unlawful discrimination based on a serious health condition.

51. Companies must prevent violations of discrimination laws by protecting proven performers from being replaced because of a serious health condition.

52. Companies must have qualified managers who are trained and supervised on protecting proven performers from being replaced because of a serious health condition.

CAUSES OF ACTION

**FMLA Violations**

53. Mr. Wilhelm qualified for medical leave under the FMLA.

54. Avis and GCA are employers as defined under the FMLA.

55. Defendants acquired knowledge that Mr. Wilhelm's leave may have been for an FMLA–qualifying reason.

56. Defendants did not notify Mr. Wilhelm of his eligibility to take FMLA leave within five business days, and there were no extenuating circumstances.

57. Defendants did not provide written notice to Mr. Wilhelm detailing the specific expectations and obligations of Mr. Wilhelm and explaining any consequences of a failure to meet these obligations.

58. Defendants did not responsively answer questions from Mr. Wilhelm concerning his rights and responsibilities under the FMLA.

59. The employer is responsible in all circumstances for designating leave as FMLA–qualifying, and for giving notice of the designation to the employee as provided in this statute.

60. When the employer has enough information to determine whether the leave is being taken for a FMLA–qualifying reason, the employer must notify the

employee whether the leave will be designated and will be counted as FMLA leave within five business days absent extenuating circumstances.

61. Defendants did not fulfil their responsibilities for designating leave as FMLA-qualifying reason and failed to give the required designation notice.

62. Mr. Wilhelm complied with all reasonable requests from Avis and GCA for information concerning his medical leave request.

63. Avis and GCA interfered with Mr. Wilhelm's leave and terminated him in interference and retaliation for attempting to exercise his rights under the FMLA.

64. The actions were knowing and intentional violations of the FMLA or in reckless disregard of the FMLA and Mr. Wilhelm's rights.

65. Mr. Wilhelm has suffered damages as a result of the violation.

66. Avis and GCA are liable for damages recoverable under the FMLA.

67. Mr. Wilhelm experienced back pain, neck pain, shoulder pain, required shoulder surgery, and reported the pain and his need for surgery to Avis and GCA in good faith.

68. Avis and GCA terminated Mr. Wilhelm's employment, interfering with Mr. Wilhelm's FMLA rights and in retaliation for attempting to exercise those rights.

69. For Avis and GCA's FMLA violations, Mr. Wilhelm is entitled to damages equal to back pay and benefits, interest on the same, liquidated damages

equal to back pay and benefits, and equitable relief in the form of an injunction prohibiting Avis and GCA from engaging in unlawful employment practices, and reinstatement of Mr. Wilhelm with back pay, or front pay in lieu of reinstatement.

**Exemplary Damages**

70. To the extent Avis and GCA's actions were intentional or knowing violations of the law, or in reckless disregard of Mr. Wilhelm's rights, he is entitled to punitive damages.

**Declaratory and Injunctive Relief**

71. Mr. Wilhelm is entitled to declaratory judgment, declaring Avis and GCA's past practices to be in violation of the FMLA. He is also entitled to equitable relief in the form of an injunction prohibiting Avis and GCA from engaging in unlawful employment practices, reinstating Mr. Wilhelm to his position with back pay, and reporting on the manner of compliance with the court order.

<u>JURY DEMAND</u>

72. Mr. Wilhelm demands a trial by jury.

WHEREFORE, Mr. Wilhelm requests that on final trial, he have judgment against Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and GCA for lost wages and benefits, compensatory damages, liquidated damages, expert fees, injunctive and equitable relief as alleged, interest as provided by law, costs of suit, attorneys' fees and expenses, and for any additional relief to which he may be entitled.

Respectfully Submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
David Norris
Texas Bar No. 24060934
dnorris@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Ste. 15400
Dallas, Texas 75201
PH: (214) 717-6653
FAX: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF
RICKY WILHELM**